IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14 CR 155-1 |
| ) | |
| TOBY JONES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2016, Toby Jones pled guilty to seven criminal charges and was convicted following a bench trial on another five. The charges were based on Jones's involvement in a drug-trafficking conspiracy, a drugs-for-guns transaction with an undercover federal agent, and violent retaliatory conduct against a confidential informant who had arranged the deal. Another judge in this district sentenced Jones to a prison term of forty years. In July 2024, Jones moved—for the second time—for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

## Background

Jones was convicted based on his involvement in a drug trafficking conspiracy, a deal to exchange crack cocaine for guns from an undercover federal agent, and a conspiracy to kill the confidential informant who arranged the drugs-for-guns deal with the agent. The Court provided a detailed summary of Jones's conduct in its decision on his motion brought under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)(A)(i). *United*

*States v. Jones*, No. 20 C 4098, 2021 WL 3033392, at *1 (N.D. Ill. July 19, 2021).

Jones was charged with twelve counts. He pled guilty to counts one through seven. Count one charged Jones with conspiring with his co-defendant and brother, Kelsey Jones, and others to intentionally possess a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 846. Counts two through seven charged Jones with knowingly and intentionally distributing a controlled substance on various dates.

Jones was convicted on counts eight through twelve following a bench trial before another judge in this district. Count eight charged Jones with knowingly and intentionally distributing cocaine base. Count nine charged him with knowingly possessing a firearm in furtherance of a drug trafficking crime, as charged in count eight, in violation of 18 U.S.C. § 924(c). Count ten charged Jones and Kelsey Jones with conspiring and attempting to kill or cause bodily injury to another person with the intent to retaliate against him for providing information to law enforcement, in violation of 18 U.S.C. § 1513. Count eleven charged Jones with attempting to kill another person with the intent to retaliate against him for providing information to a law enforcement officer, in violation of 18 U.S.C. § 1513(a)(1)(B). Finally, count twelve charged Jones with knowingly using a firearm during and in relation to a crime of violence, namely the conspiracy to murder charged in count ten and the attempted murder charged in count eleven, in violation of 18 U.S.C. § 924(c).

The sentencing judge calculated an advisory Sentencing Guidelines range of 262 to 327 months (approximately twenty-two to twenty-seven years). But several counts carried statutory mandatory minimum sentences: a ten-year mandatory minimum on the drug counts; a five-year consecutive mandatory minimum on count nine; and a

twenty-five-year consecutive mandatory minimum on count twelve. In total, Jones was subject to a forty-year statutory mandatory minimum sentence of imprisonment. The judge sentenced Jones to a forty-year prison term. The trial judge denied Jones's post-trial motions, and the Seventh Circuit affirmed his convictions. *United States v. Jones*, 872 F.3d 483, 485 (7th Cir. 2017).

In 2019, Jones filed a motion to vacate his convictions under 28 U.S.C. § 2255 and/or to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Court denied Jones's motion. *United States v. Jones*, No. 20 C 4098, 2021 WL 3033392, at *1 (N.D. Ill. July 19, 2021).

## Discussion

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, permits federal prisoners like Jones to request a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) allows a sentence reduction when warranted by "extraordinary and compelling reasons" and consistent with relevant policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021). The Seventh Circuit has prescribed a two-step analysis for district courts. First, "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction." *Thacker*, 4 F.4th at 576. Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.*

A court considers the reasons for a sentence reduction both "individually and collectively." *United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023). A reason

that is independently insufficient may, as part of "a combination of factors," establish extraordinary and compelling circumstances. *Id.* Congress delegated to the Commission the power to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). Congress specified only that "[r]ehabilitation of the defendant alone" may not be an extraordinary and compelling reason. *Id.*

Section 3582(c)(1)(A) has an administrative exhaustion requirement, and the government agrees that Jones has satisfied it.

**A.     Change in law**

Jones argues that a sentence reduction is appropriate under U.S.S.G. § 1B1.13(b)(6) because his sentence is unusually long based on the changes to §§ 924(c) and 841(b). The government concedes that Jones is correct that, if the current version of § 924(c) applied to him, his mandatory minimum for count twelve would be ten years instead of twenty-five, reducing his total mandatory minimum sentence from forty to twenty-five years. The government argues, however, that Seventh Circuit precedent precludes a district court from considering a nonretroactive change in sentencing law as an extraordinary and compelling circumstance under § 3582(c)(1)(A). The government disagrees that Jones's sentence would be impacted by the changes to § 841(b).

In section 1B1.13(b)(6), the Sentencing Commission stated that extraordinary and compelling reasons exist:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the

4

sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The First Step Act amended the mandatory minimum sentence for a conviction under § 924(c). Before the First Step Act amendment, defendants convicted of multiple § 924(c) counts in the same prosecution—like Jones—got a twenty-five-year mandatory minimum consecutive sentence for each conviction after the first. *See United States v. Black*, 131 F.4th 542, 544 (7th Cir. 2025). After the First Step Act, the twenty-five-year mandatory minimum for a second or subsequent § 924(c) conviction now applies only when the § 924(c) conviction occurs in a separate case, and after the prior conviction has become final. *Id.* This change is commonly referred to as the "anti-stacking amendment." Congress expressly stated that the anti-stacking amendment to § 924(c) was nonretroactive. *Id.*

Even if Jones, if sentenced today, might end up with a lower sentence based on the changes to § 924(c), binding precedent precludes his argument as a basis for a sentence reduction. The Seventh Circuit has squarely held that a disparity created by a nonretroactive change in the law cannot constitute an extraordinary and compelling reason permitting a sentencing reduction under section 3582(c)(1)(A). *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) ("There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.").

A district court is required to follow the Seventh Circuit's precedent when it

5

conflicts with U.S.S.G. § 1B1.13(b)(6). In *United States v. Black*, 131 F.4th 542 (7th Cir. 2025), the Seventh Circuit expressly considered whether the Sentencing Commission's new policy statement mandated that a nonretroactive change in law may present an extraordinary and compelling reason for compassionate release despite past circuit precedent holding otherwise. *Id.* at 545–46. The court held that its precedent "remain[ed] binding law." *Id.* at 543. The court stated that "Congress explicitly delegated to the Commission authority to interpret extraordinary and compelling" under the compassionate release statute. *Id.* at 546. But the court also stated that the Commission's policy statement "directly contradicts [its] holding." *Id*. at 545. The court concluded that its "interpretation of extraordinary and compelling prevails over the Commission's because the Commission exceeded its statutory authority." *Id*. at 546.[1] Thus Jones cannot rely on the nonretroactive § 924(c) anti-stacking amendment as basis for a sentence reduction.

Jones also argues that, if sentenced today, he would not be subject to the ten-year mandatory minimum sentence based on having a prior drug conviction. The government responds that Jones would be subject to the same statutory minimum penalty under the current version of the law based on his September 2003 federal conviction for conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846.

Before the First Step Act, a defendant previously convicted of a "felony drug offense" was subject to a ten-year mandatory minimum sentence. *United States v.*

---

[1] For a more fulsome discussion of *Black*, see *United States v. Tomkins*, No. 07 CR 227, 2025 WL 1042816, at *3–4 (N.D. Ill. Apr. 8, 2025) (Kennelly, J.) (concluding that, after *Black*, a nonretroactive change in law cannot be the basis for extraordinary and compelling circumstances in this circuit).

*Godinez*, 955 F.3d 651, 654 (7th Cir. 2020).  A "felony drug offense" was defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  *Id.*  Now, after the First Step Act amendment, only defendants previously convicted of a "serious drug felony" or "serious violent felony" are subject to a ten-year mandatory minimum.  *Id.*  A "serious drug felony" includes any offense under § 841 for which:  (1) the offender served a term of imprisonment of more than twelve months; and (2) the offender was released from imprisonment within fifteen years of the subsequent offense.  21 U.S.C. § 802(58).  Thus Jones's 2003 federal conviction under § 841 for conspiracy to distribute crack cocaine would still mandate a ten-year minimum sentence under the current version of the law.

For these reasons, Jones is not entitled to relief via U.S.S.G. § 1B1.13(b)(6).

**B.    Medical condition**

Jones also contends that his medical condition is an extraordinary and compelling circumstance authorizing a sentence reduction under U.S.S.G. § 1B1.13(b)(1).  In section 1B1.13(b)(1), the Sentencing Commission stated that extraordinary and compelling reasons exist if:

> The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory).  A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13(b)(1).  Section 1B1.13(b)(1) also states that extraordinary and compelling circumstances exist if the defendant is suffering from a serious medical condition that substantially diminishes his ability provide self-care in a correctional

7

facility or that requires long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death. *Id.*

Jones alleges that, in 2021, he was poisoned by a carbon monoxide leak during his incarceration at FCI McDowell. He goes on to argue that his medical records support the fact that he continues to suffer from the long-term effects of carbon monoxide poisoning, including severe headaches, depression, pain, anxiety and panic attacks. The government responds that Jones was not in the affected unit at the time of the alleged carbon monoxide exposure. The government further argues that, even if Jones had been exposed, his BOP medical records do not show that he suffers any medical condition that is "terminal," "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or that requires "specialized medical care [with which he] is not being provided." Gov't's Resp. at 32.

Based on a review of Jones's medical records, the Court concludes that he has not shown any condition that is terminal, diminishes his ability to care for himself, or that requires medical attention he cannot receive while in BOP custody. Therefore U.S.S.G. § 1B1.13(b)(1) does not provide an avenue for Jones to obtain a sentence reduction.

**C.     Family circumstances**

Jones next argues that his family circumstances warrant a sentence reduction under U.S.S.G. § 1B1.13(b)(3). In section 1B1.13(b)(3)(D), the Sentencing Commission stated that extraordinary and compelling reasons exist if the defendant can establish the death or incapacitation of the caregiver of the defendant's sibling who is incapable of self-care because of a mental or physical disability or a medical condition, and the defendant would be the only available caregiver for his sibling. U.S.S.G. §

8

1B1.13(b)(3)(d).

Jones's brother, Phillip "Bill" Jones, has Down syndrome. Their father, mother, and sister have all passed away. Thus Bill's only immediate family remaining are his brothers—Jones and Kelsey Jones, who is also incarcerated. Jones asserts that Bill is now in the care of his cousin, Patricia Coleman, who is aging. Jones argues that he would be the best caregiver for Bill. The government responds that Jones has not established that Bill lacks a caregiver.

Although the Court acknowledges that Jones believes he would be the best caretaker for his brother, the guidelines require Jones to establish that he would be the only available caregiver to warrant a sentence reduction. He has not done so, and a sentence reduction is not warranted based on U.S.S.G. § 1B1.13(b)(3).

**D.  Abuse**

Jones further asserts that extraordinary and compelling circumstances exist under U.S.S.G. § 1B1.13(b)(4)(B) because he was the victim of physical abuse by BOP officials resulting in serious bodily injury. In section 1B1.13(b)(4)(B), the Sentencing Commission stated extraordinary and compelling circumstances exist if:

> the defendant, while in custody while serving the term of imprisonment sought to be reduced, was the victim of . . . physical abuse resulting in 'serious bodily injury,' as defined in the Commentary to §1B1.1 (Application Instructions); that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

U.S.S.G. § 1B1.13(b)(4)(B). The guideline requires the misconduct to "be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." U.S.S.G. § 1B1.13(b)(4).

9

In support of his allegations, Jones points to what appears to be an email summarizing violence and accountability concerns at USP Big Sandy, where he was incarcerated when he alleges the abuse occurred. This email appears to provide a narrative of allegations similar to those Jones asserts. It does not, however, provide evidence that the abuse in question was established in the manner required by section 1B1.13(b)(4).

Jones argues that his allegations are not established by a criminal conviction or other findings because BOP officials unduly delayed any relevant proceedings. He contends that BOP officials refused to provide the forms he needed to start the grievance process and that he was transferred to a new facility for good behavior while he was in the process of initiating a grievance. Jones cites three documents to support this argument: (1) an affidavit detailing the same contentions set forth in his motion; (2) an inmate request to staff that states he was seeking medical attention; and (3) a request for administrative remedy form that states he intended to initiate a grievance.

The documents Jones cites contain the same allegations he set forth in his motion. But they do not include any indication that BOP delayed his ability to pursue administrative remedies. The Court concludes that U.S.S.G. § 1B1.13(b)(4)(B) does not provide a basis for a sentence reduction.

E.     Rehabilitation

Finally, Jones argues that his outstanding achievements since his incarceration support a sentence reduction. The Court acknowledges Jones's positive efforts in this regard. But Seventh Circuit has repeatedly stated that "one's efforts at rehabilitation—however commendable—are not generally extraordinary and compelling." *United*

*States v. Penn*, No. 22-1873, 2023 WL 1776197, at *1 (7th Cir. Feb. 6, 2023). The Court does not consider this factor, either alone or in combination with Jones's other points, as a basis for a sentence reduction under § 3582(c)(1).

Because Jones has not shown an "extraordinary and compelling" reason permitting a sentence reduction, the Court need not address whether the § 3553(a) factors support granting such a reduction.

## Conclusion

For the foregoing reasons, the Court denies Jones's motion for a sentence reduction [dkt. no. 503]. The Clerk is directed to mail a copy of this opinion to: Toby Jones; No. 21031-424; FCI McDowell; P.O. Box 1009; Welch, WV 24801.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 17, 2025